[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 13 May 1993 Date of Application: 3 July 1993 Date Application Field: 7 July 1993*
Date of Decision: 22 March 1994
Application for review of sentence imposed by the Superior Court of Tolland at Rockville. Docket No. TTD-CR92-50245-T.
Denise Ansell, Esq., For the Petitioner
Patricia Swords, Esq., For the State of Connecticut
[MEMORANDUM OF DECISION] CT Page 4574
[BY THE DIVISION]
The petitioner entered pleas of guilty to Robbery 2nd Degree in violation of Conn. Gen. Stat. § 53a-135(a)(2) and Larceny 4th Degree in violation of Conn. Gen. Stat. § 53a-125(a). He was sentenced to five years to serve on the Robbery 2nd count and one year to serve on the Larceny 2nd count. The court ran the sentences concurrently for a total effective sentence of five years to serve. It should be noted that the court ran the five year sentence consecutively with any sentence the petitioner was presently serving.
Counsel for the petitioner brought to the panel's attention the fact that petitioner sought help for his drug problems and even after the robbery he followed through with his treatment program. Counsel argued that during the sentencing the court misinterpreted the petitioner's answer to a statement made by the court. She argued that the court felt that the petitioner was trying to avoid responsibility for his criminal acts at the time of sentencing and punished the petitioner more severely. Counsel concluded that the sentence imposed at the time was not disproportionate but with the correct information the court would have imposed less time. She asked the panel to reduce the petitioner's sentence.
The petitioner, when he addressed the panel, apologized for his criminal acts and wanted the panel to know that he is trying to keep his rehabilitation efforts strong. He felt he had a handle on his drug and alcohol treatment.
The state noted that the petitioner has used the same excuses in the past when he has faced sentencings. She noted the seriousness of the crimes the petitioner has committed and commented upon his lengthy criminal history. Counsel felt that the petitioner was not a good candidate for probation since he has failed to comply with probationary terms in the past. In conclusion, she sought affirmance of the court's sentence. CT Page 4575
In reviewing the remarks of the sentencing judge, we find that he properly weighed the prior criminal history of the petitioner, and the fact that many of his previous offenses were very serious crimes.
In reviewing the petitioner's record as a whole, the sentence imposed by the court was in accordance with P.B. § 942. It was neither disproportionate nor inappropriate in light of the offenses committed, the character of the petitioner and the need to protect the public from such conduct. THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J.
Stanley, J.
Norko, J., Purtill, J., Stanley, J. participated in this decision.